# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1087V
UNPUBLISHED

|  |  |
|---|---|
| MARIN TULLY,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: January 23, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On July 25, 2018, Marin Tully filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine administered on October 20, 2015. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 9, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On January 22, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $77,352.75. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $77,352.75 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| MARIN TULLY,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | No. 18-1087V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**

On July 8, 2019, respondent filed a Rule 4(c) Report, in which he conceded that petitioner sustained the onset of a left shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Vaccine Injury Table, following her receipt of an influenza ("flu") vaccine administered on October 20, 2015.  Docket No. 27.  On July 9, 2019, the Court issued a Ruling on Entitlement, finding that petitioner is entitled to compensation.  Docket No. 28.

**I. Items of Compensation**

    A.    Pain and Suffering

Respondent proffers that the Court should award petitioner a lump sum of $75,000.00 for her actual and projected pain and suffering.  This amount reflects that the award for projected pain and suffering has been reduced to net present value.  See 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

B.   Past Unreimbursable Expenses

Respondent proffers that the Court should award petitioner a lump sum of $2,352.75 for past unreimbursable expenses, as provided under 42 U.S.C. § 300aa-15(a)(1)(A).   Petitioner agrees.

**II.  Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $77,352.75, in the form of a check payable to petitioner, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

                                        s/ Claudia B. Gangi
                                        CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 616-4138
claudia.gangi@usdoj.gov

Dated:  January 22, 2020

3